# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PATRICIA SMITH, ) | |
| ) | No. 16 C 8424 |
| Plaintiff, ) | |
| ) | Magistrate Judge M. David Weisman |
| v. ) | |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Patricia Smith appeals the Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

## Background

Plaintiff filed an application for benefits on June 3, 2013, alleging a disability onset date of May 1, 2012. (R. 124-25.) Her application was denied initially on July 17, 2013, and again on reconsideration on November 6, 2013. (R. 124, 132.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on December 8, 2014. (R. 35-75.) On February 19, 2015, the ALJ issued a decision denying plaintiff's application. (R. 21-29.) The Appeals Council denied review (R. 1-3), leaving the ALJ's 2015 decision as the final decision of the Commissioner. *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

---

[1] On January 23, 2017, Nancy A. Berryhill succeeded Carolyn W. Colvin as Acting Commissioner of Social Security. *See* https://www.ssa.gov/agency/commissioner.html (last visited Sept. 19, 2017). Accordingly, the Court substitutes Berryhill for Colvin pursuant to Federal Rule of Civil Procedure 25(d).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. Under the regulations, the Commissioner must consider: (1) whether the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether the claimant's impairment meets or equals any listed impairment; (4) if not, whether the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) if not, whether she is unable to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four, and if that burden is met, the burden shifts at step five to the Commissioner to provide evidence that the claimant is capable of performing work existing in significant numbers in the national economy. *See* 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity for a continuous twelve-month period. (R. 23.) At step two, the ALJ found that plaintiff had the severe impairment of "cervicalgia status post 2009 laminectomy."[2] (*Id.*) At step three, the ALJ determined that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (R. 25.) At step four, the ALJ found that plaintiff had the RFC to perform her past relevant work as a "ticket printer/ticket fluffer," and thus was not disabled. (R. 25-28.)

With respect to plaintiff's RFC, the ALJ said:

> In developing the claimant's [RFC], I assign little weight to the 2013 opinion indicating that the claimant was totally disabled from work. The opinion is a conclusion which is reserved to the Commissioner under the Agency's rules and regulations. It does not include further details on specific functional limitations. Records suggest that this assessment may have been provided after a one time visit with this doctor. Moreover . . . , the claimant acknowledged improvement in her condition and that her symptoms subsided in May 2013 and June 2013.
>
> State agency medical consultants reviewed the record in July 2013 and November 2013. They opined that the claimant could perform medium work with occasional climbing of ladders, ropes, and scaffolds. I assign some weight to these opinions. However, I find that the claimant is more limited after considering the extensive medical evidence added to the record at the hearing level and in giving the claimant the some [sic] benefit of the doubt.
>
> I acknowledge that I have not accommodated all of the claimant's alleged symptoms and limitations . . . . because . . . I find that the claimant is not fully credible. The claimant has been able to work despite her neck impairment in the past. Given her history of neck surgery and pain, I find that a limitation to light work where she could avoid overhead reaching and more than occasional climbing is reasonable. There is no evidence to support limited reaching in all direction or the allegation that the claimant has to use her hand to hold her head up. The allegation that the claimant is limited in sitting and standing due to neck pain is not supported by the medical evidence. Physical examinations fail to demonstrate limited strength in the claimant's hands, despite her complaints of trouble opening jars. Furthermore, the claimant's allegations regarding significant drowsiness as a medication side effect has not been reported as

---

[2] "Cervicalgia" is neck pain, and "laminectomy" is "excision of the posterior arch of a vertebra." *See –algia, Cevical, Laminectomy*, Dorland's Illustrated Medical Dictionary (32d ed. 2012).

problematic to treating sources in the record. The claimant's gait has remained normal, and increased activity has been recommended by physicians.

(R. 27-28) (citations omitted).

Plaintiff contends that the ALJ erred by making an independent RFC determination rather than adopting the RFC offered by one of the physicians. "The determination of RFC, however, is an issue reserved to the [Commissioner]," based on "the entire record, including all relevant medical and nonmedical evidence." *Diaz v. Chater*, 55 F.3d 300, 306 n.2 (7th Cir. 1995) (citations omitted). Thus, the ALJ was not required to accept a physician's opinion in determining plaintiff's RFC. *Id.*

But the ALJ was required to build an "accurate and logical bridge from the evidence to [her] conclusion," *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000), and this she failed to do. The ALJ concluded that plaintiff has the RFC to perform light work, which requires:

> Exerting up to 20 pounds of force occasionally, and/or up to 10 pounds of force frequently, and/or a negligible amount of force constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects. . . . Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible. NOTE: The constant stress and strain of maintaining a production rate pace, especially in an industrial setting, can be and is physically demanding of a worker even though the amount of force exerted is negligible.

Dictionary of Occupational Titles, App'x C, § IV, Physical Demands–Strength Rating, *available at* http://www.occupationalinfo.org/appendxc_1.html#STRENGTH (last visited Sept. 19, 2017). This strength rating is not supported by any of the conflicting medical opinions (*see* R. 128, 137 agency doctors stating that plaintiff can occasionally lift/carry fifty pounds and frequently lift/carry twenty-five pounds); (R. 572 treating physician stating that plaintiff is "totally disabled

4

from work"). Moreover, the ALJ did not identify which of the more than 650 hundred pages of medical records she generically cited supported the RFC that the ALJ identified as applicable. (*See* R. at 27-28 ("I find that the claimant is more limited [than the agency doctors suggested] after considering the extensive medical evidence added to the record at the hearing level and in giving the claimant the [sic] some benefit of the doubt (Ex. 4F; 5F; 6F; 7F; 8F; 9F; 10F; 11F; 12F; Hearing Transcript).") The ALJ's failure to identify specifically the evidence underpinning her RFC determination is reversible error. *See* SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."); *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011) ("The ALJ needed to explain how she reached her conclusions about Scott's physical capabilities . . . ."); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005) "[T]he ALJ did not explain how he arrived at the[] [RFC]; this omission in itself is sufficient to warrant reversal of the ALJ's decision.") (citing SSR 96-8p).

The need for the ALJ to articulate how she reached her RFC is apparent in the instant case. From our vantage point, the ALJ appears to have "averaged" the appropriate lifting restriction in the RFC. The range of restriction, based on the medical evidence, traversed from total disability (treating physician) to the ability to occasionally lift fifty pounds and frequently lift twenty-five pounds (agency medical consultants). The contradictory medical opinions cannot both be correct, and determining an appropriate RFC is not a statistical computation. The ALJ was obligated to better explain her decision-making as to the lifting restriction in plaintiff's RFC, and not leave her analysis to conjecture.[3]

---

[3] The Commissioner overstates the argument by suggesting that because "the ALJ's RFC assessment is not restricted to merely selecting and endorsing an existing medical opinion" (Def.'s Mem. Supp. Mot. Summ. J., Dkt. 24 at 8),

5

Plaintiff also contends that the ALJ improperly assessed plaintiff's mental impairment without input from a mental health professional. (*See* R. 24.) "Typically, when an applicant claims a mental impairment, the agency's medical or psychological consultant will complete a [Psychological Review Technique Form] and assess the severity of the impairment before the case reaches an ALJ." *Richards v. Astrue*, 370 F. App'x 727, 730 (7th Cir. 2010). In this case, however, the bulk of the evidence with respect to plaintiff's mental impairment was submitted *after* the state agency physicians reviewed the file. (*See* R. 124, 132 (state agency reviews dated July 17, 2013 and November 6, 2013, respectively); R. 38 (admitting into the record exhibits 1-A through 4-F at December 8, 2014 hearing); R. 33-34 (noting that Exs. 5-F through 12-F (R. 630-1253) were submitted after the hearing)), and the ALJ did not have a medical expert testify at the hearing. Thus, the ALJ determined that plaintiff's mental impairment was not severe without any meaningful physician input, an approach the Seventh Circuit has repeatedly condemned. *See Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) ("[A]s this Court has counseled on many occasions, ALJs must not succumb to the temptation to play doctor and make their own independent medical findings."); *see also Back v. Barnhart*, 63 F. App'x 254, 259 (7th Cir. 2003) ("Typical cases of ALJs impermissibly 'playing doctor' are when they . . . draw medical conclusions themselves about a claimant without relying on medical evidence . . . ." (citing *Green v. Apfel*, 204 F.3d 780, 782 (7th Cir. 2000)).

We reject the Commissioner's argument that the ALJ's "responsibility for assessing the evidence of record" obviates the need for the ALJ to gather additional medical evidence. (Def.'s Mem. Supp. Mot. Summ. J., Dkt. 24 at 8.) We agree that the ALJ is ultimately responsible for making a decision as to how plaintiff's mental health conditions affected her ability to maintain

---

the ALJ's assessment is sound. Our concern is not that the ALJ failed to choose either of the two extremes available as a lifting restriction, but rather in reaching the midpoint, the ALJ failed to explain her reasoning.

gainful employment. That responsibility, however, does not substitute for the obligation to properly assess the evidence presented. Accordingly, on remand, the ALJ should seek input from a medical professional to assess plaintiff's mental impairment.

Plaintiff's last contention is that the ALJ erred in evaluating plaintiff's symptoms. Because this issue is intertwined with the RFC determination and assessment of plaintiff's mental impairment, the ALJ will have to make a new symptom evaluation on remand as well.

**Conclusion**

For the reasons set forth above, the Court grants plaintiff's motion for summary judgment [16], denies the Commissioner's motion for summary judgment [23], reverses the Commissioner's decision, and remands this case for further proceedings.

**SO ORDERED.**                                     **ENTERED:** September 19, 2017

_M. David Weisman_

**M. David Weisman**
**United States Magistrate Judge**